FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2007 SEP 26 PM 4:40
BY ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JAMES LANZO TURNER, IV,<br>　aka "Blue,"<br>DAVID COLE, JR.,<br>CHARLES LEROY TWYMAN,<br>　aka "Lee,"<br>LASHAWN ANDREA LYNCH, and<br>MIKE LNU,<br><br>　　　　Defendants. | CR 07- **07-01048**<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute and to Distribute Heroin; 21 U.S.C. §§ 841(a)(1), (b)(1)(B): Possession with Intent to Distribute and Distribution of Heroin] |

　　The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.　OBJECTS OF THE CONSPIRACY

　　Beginning on or about January 28, 2006, and continuing to on or about February 5, 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendants JAMES LANZO TURNER, IV, also known as ("aka") "Blue" ("TURNER"), DAVID COLE, JR. ("COLE"), CHARLES LEROY TWYMAN, aka "Lee" ("TWYMAN"),

LASHAWN ANDREA LYNCH ("LYNCH"), and MIKE LNU (LAST NAME UNKNOWN), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally (a) possess with intent to distribute and (b) distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

B. <u>MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED</u>

The objects of the conspiracy were to be accomplished in substance as follows:

1. Defendant TURNER, in Memphis, Tennessee, would order heroin from defendant MIKE LNU in Los Angeles, California, for distribution by defendant TURNER in Memphis, Tennessee.

2. Defendants COLE and TWYMAN would pick up the heroin from defendant MIKE LNU and would give the heroin to defendant LYNCH to transport on her person from Los Angeles, California to defendant TURNER in Memphis, Tennessee.

C. <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants, and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California and elsewhere, including but not limited to the following:

1. On January 28, 2006, in a telephone conversation and using coded language, defendant TURNER told defendant TWYMAN that defendant MIKE LNU wanted to give defendant TURNER approximately

2

ten ounces of heroin to sell in Memphis, Tennessee.

2. On January 28, 2006, in a telephone conversation and using coded language, defendant TURNER told defendant TWYMAN that defendant TURNER would have defendant MIKE LNU package the heroin like a tampon and then defendant TURNER would have defendant LYNCH fly to Memphis, Tennessee, with the heroin.

3. On January 28, 2006, in a telephone conversation and using coded language, defendant TURNER told defendant TWYMAN that defendant TWYMAN and defendant COLE could help defendant TURNER by putting defendant LYNCH on a plane.

4. On January 29, 2006, in a telephone conversation and using coded language, defendant TURNER told defendant TWYMAN that all defendant COLE had to do was get the approximately ten ounces of heroin and give it to defendant LYNCH.

5. On January 29, 2006, in a telephone conversation and using coded language, defendant TURNER told defendant TWYMAN that defendant MIKE LNU had agreed that defendant TURNER would not have to pay defendant MIKE LNU for the approximately ten ounces of heroin until defendant TURNER came back to Los Angeles.

6. On January 29, 2006, in a telephone conversation and using coded language, defendant TURNER and defendant TWYMAN discussed purchasing additional heroin directly from defendant COLE.

7. On January 30, 2006, in a telephone conversation and using coded language, defendant TURNER told defendant TWYMAN that defendant MIKE LNU had told defendant COLE to come and get the approximately ten ounces of heroin.

8. On January 30, 2006, in a telephone conversation and

using coded language, defendant TURNER told defendant TWYMAN that defendant TURNER and defendant TWYMAN could make $15,000 to $30,000 selling heroin in Memphis, Tennessee.

9. On February 3, 2006, in a telephone conversation and using coded language, defendant TURNER told defendant TWYMAN that defendant COLE was going to pick up the approximately ten ounces of heroin that defendant TURNER had ordered from defendant MIKE LNU and give the heroin to defendant LYNCH, and that defendant LYNCH was ready and just needed to buy a plane ticket to Memphis, Tennessee.

10. On February 3, 2006, in a telephone conversation and using coded language, defendant TURNER told defendant TWYMAN that defendant COLE had the approximately ten ounces of heroin and would give the heroin to defendant LYNCH, and that defendant TURNER needed defendant TWYMAN to help get defendant LYNCH a one-way plane ticket to Memphis, Tennessee.

11. On or about February 3, 2006, defendant COLE gave defendant LYNCH approximately 239 grams of heroin to transport on her person to defendant TURNER in Memphis, Tennessee.

12. On February 4, 2006, in a telephone conversation and using coded language, defendant TURNER told defendant TWYMAN that defendant LYNCH already had a plane ticket, and asked defendant TWYMAN to give defendant LYNCH one hundred dollars for defendant LYNCH's pocket and some cocaine for defendant LYNCH's nerves.

13. On February 4, 2006, defendant TWYMAN gave defendant LYNCH approximately 2.58 grams of cocaine.

14. On February 5, 2006, at Los Angeles International Airport, defendant LYNCH carried approximately 239 grams of

heroin on her person for delivery to defendant TURNER in Memphis, Tennessee, and approximately 2.58 grams of cocaine in her handbag.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

On or about February 3, 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVID COLE, JR., knowingly and intentionally distributed approximately 239 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

On or about February 5, 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendant LASHAWN ANDREA LYNCH knowingly and intentionally possessed with intent to distribute approximately 239 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

A TRUE BILL

/s/
FOREPERSON

GEORGE S. CARDONA
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

BONNIE L. HOBBS
Assistant United States Attorney
Violent and Organized Crime Section