```
 1  GEORGE S. CARDONA
    Acting United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    JOHN J. LULEJIAN (SBN: 186783)
 4  SHAWN J. NELSON (SBN: 185149)
    Assistant United States Attorneys
 5  Violent and Organized Crime Section
         1500 United States Courthouse
 6       312 North Spring Street
         Los Angeles, California 90012
 7       Telephone: (213) 894-8603/5339
         Facsimile: (213) 894-3713
 8       Email:    john.lulejian@usdoj.gov
                   shawn.nelson@usdoj.gov
 9
    Attorney for Plaintiff
10  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Nos. CR 07-1048-VBF |
| --- | --- |
|  | )       CR 07-1142-VBF |
| Plaintiff, | )       CR 07-1143-VBF |
|  | )       CR 07-1163-VBF |
| v. | ) |
|  | ) |
| CHARLES LEROY TWYMAN, | ) STIPULATION TO CONTINUE TRIALS |
|  | ) |
| Defendant. | ) |
|  | ) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and defendant Charles Leroy Twyman, and his attorney Fredrico McCurry, hereby respectfully request this Court to continue the trial dates in the above-captioned matters until March 2, 2010. This request is supported by the following reasons:

1. The parties are engaging in plea negotiations that may obviate the need for trial, and thus, need additional time to complete these negotiations.

2. These cases and the related cases are complex and involve seven Court-authorized wiretaps (with an excess of 80,000 intercepted telephone calls), approximately 21 search warrants, over 1,000 pages of discovery, multiple defendants, and multiple witnesses.

3. The government's supplemental production of discovery is ongoing. Defense counsel was appointed to represent defendant on September 25, 2009, and needs additional time to review said discovery, and discuss the discovery, possible defenses, and possible motions with defendant. Further, to date, defendant has not produced any discovery to the government. Should additional discovery be produced, the parties will need time to review said discovery and prepare their pre-trial motions.

4. Defendant has acknowledged the knowing, voluntary, and intelligent waiver of his right to speedy trials through <u>March 31, 2010</u>, by signing this stipulation.

5. The parties agree and stipulate that failure to grant the continuance in this case, which, taken as a whole, is not so unusual or so complex as to fall within Title 18, United States Code, Section 3161(h)(7)(B)(ii), would deny counsel for defendant the reasonable time necessary for effective preparation, due to counsel's need for more time to review the evidence and consider possible defenses, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

6. The parties further agree, stipulate, and request that the Court find that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment or information must be filed and that the continuance is not based on congestion of the Court's calendar, nor on the lack of diligence on the part of the attorney for the government or the defense. See 18 U.S.C. § 3161(h)(7)(C).

7. The parties believe that the ends of justice to be served by granting a continuance of the trial date outweighs the best interests of the public and defendant in a speedy trial.

IT IS SO STIPULATED.

_____
DATE

CHARLES LEROY TWYMAN
Defendant

_____
DATE

FREDRICO MCCURRY
Attorney for Defendant
CHARLES LEROY TWYMAN

_10/19/09_____
DATE

*(signed)*
JOHN J. LULEJIAN
SHAWN J. NELSON
Assistant United States Attorneys
Attorney for Plaintiff
UNITED STATES OF AMERICA

6. The parties further agree, stipulate, and request that the Court find that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment or information must be filed and that the continuance is not based on congestion of the Court's calendar, nor on the lack of diligence on the part of the attorney for the government or the defense. See 18 U.S.C. § 3161(h)(7)(C).

7. The parties believe that the ends of justice to be served by granting a continuance of the trial date outweighs the best interests of the public and defendant in a speedy trial.

IT IS SO STIPULATED.

10-16-09
DATE

Charles Twyman
CHARLES LEROY TWYMAN
Defendant

10-19-09
DATE

FREDRICO McCURRY
Attorney for Defendant
CHARLES LEROY TWYMAN

DATE

JOHN J. LULEJIAN
SHAWN J. NELSON
Assistant United States Attorneys
Attorney for Plaintiff
UNITED STATES OF AMERICA